EDGAR B. TAYLOR, RESPONDENT, *v.* CHARLES G. SAXE. AND FRANK J. SAXE, APPELLANTS.

57   411
134a   67

*Vendor and purchaser — refusal to accept of lumber delivered, because of a defect in quality — right to recover damages.*

Where a purchaser of lumber refuses to accept the same on the ground that it does not correspond with the representations made by the vendor as to its quality, he is not entitled to sue for the recovery of damages alleged to have been sustained through a breach of the contract by the vendor.

The purchaser may either refuse to accept the lumber and thus rescind the contract, and sue for the recovery of any money advanced for freight or custom duty upon the lumber, or he may keep the lumber and, when sued upon the contract for the contract-price, interpose a counter-claim for damages because of the inferior quality of the lumber furnished.

APPEAL by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of the county of Dutchess on the 4th day of January, 1890, after a trial before a referee, upon whose report judgment was entered in favor of the plaintiff for the recovery of the sum of $1,887.41, together with costs.

*William P. Rudd*, for the appellants.

*Thompson & Lown*, for the respondent.

DYKMAN, J.:

This action is based upon a violation of a contract made by the defendants with the plaintiff for the sale and delivery to him of a boat load of pine plank. The cause was tried before a referee, who found that the defendants agreed to sell to the plaintiff a boat load of pine plank, then in Canada, for thirty-six cents a plank delivered at Poughkeepsie, and to induce the plaintiff to make the purchase, the agent of the defendants who made the sale, represented to the plaintiff that thirty per cent of the plank should be of the quality known in the trade as dressing, and seventy per cent thereof should be of a quality known in the trade as better than dressing; and that the purchase was made by the plaintiff in reliance upon such representation as to quality.

That the plaintiff was to pay the duty on the lumber when it passed the frontier, and the freight thereon upon its delivery, and

deduct such payments from the purchase-price of the lumber. That the lumber reached Poughkeepsie the fore part of October, 1888, and the agent of the plaintiff refused to accept the same upon a claim that it was not of the quality represented, and the plaintiff immediately telegraphed the defendants the refusal of the plaintiff to receive the lumber.

Thereupon the defendants sent their agent to Poughkeepsie to act for them in the premises, and when he examined the plank he pronounced them of a kind and quality different from what the defendants had contracted to sell to the plaintiff.

The agent of the plaintiff informed the agent of the defendants that the lumber was all culls and that he would not receive the same, and then the agent of the defendants requested the agent of the plaintiff to permit the captain of the boat to unload the plank and whatever was right would be done. Thereupon, in reliance upon such statement, the plaintiff permitted the captain to place the plank upon the plaintiff's dock and paid the freight, amounting to $499.11. The plaintiff had before that paid the duties upon the lumber, amounting to $333.30.

On the tenth day of October the plaintiff again notified the defendants that he could not use the plank; that they were culls and were not as represented.

The referee found, as a fact, that there were 12,303 plank in the boat load, and they would have been worth forty-four cents apiece had they been of the quality and kind represented. That the plaintiff never received the plank, but permitted the same to remain on his dock at Poughkeepsie, and that the storage for the same had been worth twenty-five dollars.

As a conclusion of law, the referee found that the plaintiff was entitled to recover from the defendants $330.30, with interest, for the duties paid on the lumber; $499.11, with interest, for freight paid thereon; twenty-five dollars for storage, and $984.24 for damages for a breach of the contract.

The facts recited are easily deduced from the evidence and are taken mainly from the findings of the referee. The contract between these parties was for the sale and delivery of property of a certain description, and was what the law terms an executory contract; and when the defendants came with an inferior article, open to inspec-

tion, it became necessary for the plaintiff to take his position, and when he discovered that the lumber tendered did not answer the character required by the contract there were two courses which he might adopt. He could refuse to accept the plank and thus rescind the contract and recover the money paid for freight and duties, or he could keep the lumber and rely upon the contract to recover the damages he sustained through its breach by way of counter-claim to an action for the price. But he could not pursue both these remedies, because they were inconsistent.

Environed by such circumstances, the plaintiff exercised his right of choice and declined to accept the lumber and thus rescinded the contract, and such election gave him the right to recover back the money he had advanced. Upon that theory the lumber remained the property of the defendants and the plaintiff might recover for its storage. But the plaintiff went further in this action and sought to recover damages for a breach of the contract and he has recovered upon that claim, but the recovery for that item cannot be sustained. His claim to recover back the money advanced for freight and duties rests upon the abrogation of the contract by his refusal to receive the lumber, while his claim for damages proceeds upon the affirmation and consummation of the contract and a recovery by reason of a violation thereof. If the lumber had been accepted by the plaintiff, the contract would have then been executed and he could sustain no action for the recovery of the money paid for freight and duties, because that would have been a payment on account of the purchase-price of the lumber according to the agreement; but having declined to accept the plank he was in a position to sue for the money thus paid, upon the principle which justifies an action for the recovery of the purchase-price of property upon the nullification of the sale, where the price has been paid by the purchaser. After the rescission of the contract the defendants could sustain no action against the plaintiff for the price of the lumber, because it had not been accepted and still belonged to the defendants, otherwise if it had been accepted the defendants might sue for the price and the plaintiff could recover his damages for a breach of the contract by way of counter-claim to such action. But now, since the abrogation of the contract, the plaintiff cannot recover damages for its violation, because such a claim would pro-

ceed upon the affirmance of the contract. As, therefore, the claim of the plaintiff for damages can rest upon nothing but the contract, it has no basis for its support, and that portion of the judgment is erroneous.

The following authorities justify the views we have expressed: 2 Kent's Commentaries ([10th ed.], 660); *Sprague* v. *Blake* (20 Wend., 64); *Hart* v. *Wright* (17 id., 277); *Gallagher* v. *Waring* (9 id., 28).

The judgment should, therefore, be modified by striking therefrom the sum of $984.24 allowed for damages, and as so modified affirmed, without costs to either party on this appeal.

BARNARD, P. J., and PRATT, J., concurred.

Judgment modified, and, as modified, affirmed, without costs to either party on this appeal.